LAW OFFICES OF BARNABA & MARCONI, LLP
Dennis M. Marconi, Esquire / I.D. #DM53727
315 Lowell Avenue
Trenton, NJ  08619
(609) 584-1444
Attorneys for Defendant, Deggeller Attractions, Inc.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT SPEICHER and COLLEEN STEFFAN,<br><br>           Plaintiffs,<br><br>v.<br><br>CHANCE RIDES MANUFACTURING, INC., DEGGELLER ATTRACTIONS, INC. and RICHARD WARBLE.<br><br>           Defendants. | : Docket No.:  1:20-cv-764-JPW<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### DEFENDANT DEGGELLER ATTRACTIONS, INC.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT WITH NEW MATTER AND NEW MATTER CROSSCLAIMS

Defendant, Deggeller Attractions, Inc., by and through its attorneys, Barnaba & Marconi, LLP, hereby answers the Amended Complaint as follows:

### Jurisdiction and Venue

1.      Defendant admits to jurisdiction, but has no knowledge as to the value or extent of the plaintiffs' injuries.

2.      Defendant admits to venue.

### Parties

3-4.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 3-4.

5.      Defendant admits the allegations contained in Paragraph 5.

6. Defendant denies the allegations contained in Paragraph 6. Strict proof thereof is demanded at trial, if material.

7-8. Defendant admits the allegations contained in Paragraphs 7-8.

9-11. Defendant makes no response to this paragraph as it is directed to other parties, except that any inferences contained therein against this defendant are denied.

12. Defendant denies the allegations directed at it in Paragraph 12 as plaintiffs have failed to identify the agents, servants or employees involved or action taken by said individuals. Strict proof thereof is demanded at trial, if material. Defendant is further without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 insofar as they pertain to other parties.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Defendant denies the allegations directed at it in Paragraph 14. Strict proof thereof is demanded at trial, if material.

15. Defendant admits that plaintiffs' claims consist of allegations of negligence and products liability; however, all allegations of law directed at defendant are denied without the need for further response.

## Background Facts

16. Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

17. Defendant admits the allegations contained in Paragraph 17.

18. Defendant admits the allegations contained in Paragraph 18.

19. Defendant admits that it provided/maintained/operated certain amusement park rides at the York Fair. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 19 insofar as there may have been

other entities that provided/maintained/operated amusement park rides that were available to the public at the York Fair. Strict proof thereof is demanded at trial, if material.

20. Defendant admits the allegations contained in Paragraph 20.

21. Defendant admits that it erected and/or installed the Wheel at the York Fair; however, defendant denies that it erected and/or installed the Wheel at a location in close proximity to a loud generator which powered the Wheel. Strict proof thereof is demanded at trial, if material.

22-23. Defendant makes no response to these paragraphs as they are directed to other parties, except that any inferences contained therein against this defendant are denied.

24. Defendant admits that it hired Warble to inspect its amusement rides at the York Fair. Defendant denies that Warble was retained to inspect its amusement rides after the York Fair. Strict proof thereof is demanded at trial, if material.

25. Defendant admits that the Giant Wheel resembles a Ferris wheel that has twenty (20) passenger-carrying gondolas. Defendant further admits that the Wheel turns in a manner in which the gondolas are kept upright. The remaining allegations in Paragraph 25 are denied. Strict proof thereof is demanded at trial, if material.

26-28. Defendant admits the allegations contained in Paragraphs 26-28.

29-45. Denied. Defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the allegation contained in Paragraphs 29-45. Strict proof thereof is demanded at trial, if material.

46. Denied. All allegations of law are denied without the need for further response. Strict proof thereof is demanded at trial, if material.

47. Defendant admits the allegations contained in Paragraph 47.

48-49. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 48-49. Strict proof thereof is demanded at trial, if material.

50. Defendant admits the allegations contained in Paragraph 50.

51-52. Admitted in part/Denied in part. Admitted as stated insofar as the Report speaks for itself. All allegations of law, however, are denied without the need for further response and any inferences contained therein against this defendant are denied.

53-58. Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, defendant denies that the Giant Wheel was unreasonably dangerous or defective and further denies that it was negligent, that the pins were improperly installed and/or inadequate in size and/or condition and denies that it was reckless or careless or that its actions were substantial factors in causing and/or factual causes of plaintiff's injuries. Strict proof thereof is demanded at trial, if material.

59. Defendant makes no response to this paragraph as it is directed to other parties, except that any inferences contained therein against this defendant are denied.

### Plaintiffs' Injuries

60. Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

61-72. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 61-72. Strict proof thereof is demanded at trial, if material.

### Count I – Scott Speicher v. Deggeller
### (Negligence)

73. Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

74(a-t). Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, defendant denies that it was negligent. Strict proof thereof is demanded at trial, if material.

75-76. Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, defendant denies that it was negligent, outrageous, malicious, wanton, reckless, willful, and/or oppressive and with reckless indifference. Strict proof thereof is demanded at trial, if material.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

## Count II – Scott Speicher v. Chance
### (Negligence)

77. Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

78(a-p). Defendant makes no response to this paragraph as it is directed to other parties, except that any inferences contained therein against this defendant are denied.

79-81. Defendant makes no response to these paragraphs as they are directed to other parties, except that any inferences contained therein against this defendant are denied.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

### Count III – Scott Speicher v. Warble
(Negligence)

82. Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

83(a-n). Defendant makes no response to this paragraph as it is directed to other parties, except that any inferences contained therein against this defendant are denied.

84-85. Defendant makes no response to these paragraphs as they are directed to other parties, except that any inferences contained therein against this defendant are denied.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

### Count IV – Scott Speicher v. Deggeller
(Vicarious Liability and/or Respondeat Superior)

86. Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

87-91. Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, defendant denies that it was negligent. Strict proof thereof is demanded at trial, if material.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

**Count V – Scott Speicher v. Deggeller**
**(Negligent Supervision)**

92.   Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

93-96.   Denied.  All allegations of law are denied without the need for further response.  In the event and to the extent that an answer is deemed necessary, defendant denies that it was negligent.  Strict proof thereof is demanded at trial, if material.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

**Count VI – Scott Speicher v. Deggeller**
**(Negligent Hiring)**

97.   Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

98-99.   Denied.  All allegations of law are denied without the need for further response.  In the event and to the extent that an answer is deemed necessary, defendant denies that it was negligent.  Strict proof thereof is demanded at trial, if material.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

**Count VII – Scott Speicher v. Deggeller**
**(Strict Liability – Restatement §402 A – Failure to Warn)**

100.   Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

101-120. Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, defendant denies that it is strictly liable and further denies that it acted in an outrageous, malicious, wanton, reckless, willful, and/or oppressive and with reckless indifference. Strict proof thereof is demanded at trial, if material.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

<u>**Count VIII – Scott Speicher v. Chance**</u>
**(Strict Liability – Restatement §402 A – Failure to Warn)**

121. Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

122-141. Defendant makes no response to these paragraphs as they are directed to other parties, except that any inferences contained therein against this defendant are denied.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

<u>**Count IX – Scott Speicher v. Deggeller**</u>
**(Strict Liability – Restatement §402 A – Design Defect)**

142. Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

143-146. Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, defendant denies that the Wheel was defective. Strict proof thereof is demanded at trial, if material.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

### Count X – Scott Speicher v. Chance
### (Strict Liability – Restatement §402 A – Design Defect)

147. Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

148-152. Defendant makes no response to these paragraphs as they are directed to other parties, except that any inferences contained therein against this defendant are denied.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

### Count XI – Scott Speicher v. Deggeller
### (Breach of Warranties)

153. Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

154-158. Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, defendant denies that there was a breach of warranty. Strict proof thereof is demanded at trial, if material.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

**Count XII – Scott Speicher v. Chance**
**(Breach of Warranties)**

159.   Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

160-164.  Defendant makes no response to these paragraphs as they are directed to other parties, except that any inferences contained therein against this defendant are denied.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

**Count XIII – Colleen Steffan v. Deggeller**
**(Negligence)**

165.   Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

**Count XIV – Colleen Steffan v. Chance**
**(Negligence)**

166.   Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

**Count XV – Colleen Steffan v. Warble**
**(Negligence)**

167.    Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

**Count XVI – Colleen Steffan v. Deggeller**
**(Vicarious Liability and/or Respondeat Superior)**

168.    Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

**Count XVII – Colleen Steffan v. Deggeller**
**(Negligent Supervision)**

169     Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

### Count XVIII – Colleen Steffan v. Deggeller
(Negligent Hiring)

170.   Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

### Count XIX – Colleen Steffan v. Deggeller
(Strict Liability – Restatement §402 A – Failure to Warn)

171.   Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

### Count XX – Colleen Steffan v. Chance
(Strict Liability – Restatement §402 A – Failure to Warn)

172.   Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

### Count XXI – Colleen Steffan v. Deggeller
**(Strict Liability – Restatement §402 A – Design Defect)**

173.    Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

### Count XXII – Colleen Steffan v. Chance
**(Strict Liability – Restatement §402 A – Design Defect)**

174.    Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

### Count XXIII – Colleen Steffan v. Deggeller
**(Breach of Warranties)**

175.    Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

<u>**Count XXIV – Colleen Steffan v. Chance**</u>
**(Breach of Warranties)**

176.  Defendant repeats its answers to the previous Paragraphs of the Complaint as if set forth at length herein.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

## **AFFIRMATIVE DEFENSES**

By way of further answer, defendant, Deggeller Attractions, Inc., avers the following Affirmative Defenses:

1.  Defendant hereby incorporates by reference thereto its answer to paragraphs 1-176 of plaintiffs' Complaint inclusive, as though fully set forth here at length.

2.  Plaintiffs assumed the risk of their injuries.

3.  Plaintiffs' losses and injuries, if any, were caused by their own negligent and careless conduct.

4.  If some or all of the allegations contained in the plaintiffs' Complaint are proven to be correct, the same being denied, then the plaintiffs' losses and injuries, if any, were caused by the conduct of third persons and entities other than the defendant, for whom the defendant is not legally responsible.

5.  If some or all of the allegations contained in the plaintiffs' Complaint are proven to be correct, the same being denied, then the plaintiffs' losses and injuries, if any were caused by intervening and/or superseding negligent and careless conduct of plaintiffs and of third persons and entities for whom the defendant is not legally responsible.

6. Plaintiffs' claims are barred or limited as the plaintiffs failed to mitigate their damages.

7. Plaintiffs' claims are barred or limited by the Provisions of the Pennsylvania Comparative Negligence Act and/or Fair Share Act.

8. No act or omission on the part of the defendant was the proximate cause of the plaintiffs' alleged accident or injuries.

9. Plaintiffs' claims are barred or limited in whole or in part by the applicable Statute of Limitations and/or Statute of Repose.

10. Defendant did not breach any duty owed to plaintiffs.

11. Plaintiffs are contributorily negligent.

12. Plaintiffs are comparatively negligent.

13. Plaintiffs may have signed a release discharging claims asserted against defendant.

14. Defendant asserts any and all defenses listed in Pa. R.C.P. 1030.

15. Defendant states that in the event it is found that the losses and damages alleged by plaintiffs, if any, were caused by a condition of a product for which it is responsible, then and in that event, it will also be found that defendant did not receive notice of that condition prior to the incident involving plaintiffs.

16. Plaintiffs fail to meet the requirements of Restatement §402A and/or the Products Liability Act, and their claims must therefore be dismissed.

17. Defendant is not strictly liable, and therefore plaintiffs' claims must be dismissed.

18. Defendant's amusement ride was not unreasonably dangerous, unfit, unsafe and/or unsuitable for its intended or foreseeable uses.

19. Defendant's amusement ride was not defective in design, manufacture, distribution, sale, operation, or warning.

15

20. Defendant did not breach any warranties, thus precluding plaintiffs' claims in this regard.

21. Defendant asserts any and all defenses provided for in Restatement §402A and/or the Products Liability Act.

22. Defendant incorporates herein and relies on all affirmative defenses raised by all other defendants in this action.

23. Plaintiffs are not entitled to punitive damages as the conduct at issue does not warrant the imposition of such damages.

**WHEREFORE,** defendant demands judgment be entered in its favor and against the plaintiffs, that the plaintiffs' Amended Complaint be dismissed with prejudice, and that the defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

## NEW MATTER CROSSCLAIM FOR CONTRIBUTION

Defendant, Deggeller Attractions, Inc., by way of crossclaim for contribution against co-defendants, herein alleges and says:

1. Defendant denies any and all legal liability and responsibility for the acts alleged in the Complaint.

2. If the defendant should be found liable to plaintiffs, which liability is denied, defendant asserts that the co-defendants herein are joint tortfeasors with respect to any loss, liability or expense on account of plaintiffs' demand for judgment.

**WHEREFORE**, Defendant, Deggeller Attractions, Inc., demands judgment for contribution against co-defendants, herein with respect to any damages which may be recovered against defendant by the plaintiffs herein together.

## NEW MATTER CROSSCLAIM FOR INDEMNIFICATION

Defendant, Deggeller Attractions, Inc., by way of crossclaim for indemnification against co-defendants, herein alleges and says:

1. Defendant denies any and all legal liability and responsibility for the acts alleged in the Complaint.

2. If the defendant should be found liable to plaintiffs, which liability is denied, said liability will only be secondary, passive, technical, vicarious, or imputed and the liability of co-defendants.

**WHEREFORE,** Defendant, Deggeller Attractions, Inc., demands judgment for indemnification in full against co-defendants, herein with respect to any damages which may be recovered against defendant by the plaintiffs herein together.

BARNABA & MARCONI, LLP

BY: _____
DENNIS M. MARCONI, ESQUIRE
**Attorneys for Defendant, Deggeller Attractions, Inc.**

Dated: August 11, 2020

## VERIFICATION

I, _Bonnie L. Jacobson_, do verify that I am the _Office Manager_ of Deggeller Attractions, Inc. and that I am duly authorized to make this verification on its and on my behalf and that the facts as set forth in its Answer to plaintiffs' Complaint are true and correct to the best of my knowledge, information and belief.

Verifier understands that statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

DEGGELLER ATTRACTIONS, INC.

_Bonnie L. Jacobson_

Dated:

AR-602 – Speicher/Steffan

## VERIFICATION

I, DENNIS M. MARCONI, ESQUIRE, do verify that I am the attorney for defendant, Deggeller Attractions, Inc., and that I am duly authorized to make this verification on its behalf and that the facts as set forth in its answer to plaintiffs' Complaint are true and correct to the best of my knowledge, information and belief.

Verifier understands that statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

_____
DENNIS M. MARCONI, ESQUIRE

Dated:  August 11, 2020

## CERTIFICATE OF SERVICE

I, Dennis M. Marconi, Esquire, hereby certify that a true and correct copy of the within Answer, New Matter and New Matter Crossclaims have been served upon counsel below via ECourts on August 11, 2020:

Kenneth Millman, Esquire
Paul F. Troisi, Esquire
Leisawitz & Heller
2755 Century Blvd.
Wyomissing, PA 19610

George W. Vokolos, Esquire
Susan R. Engle, Esquire
Mintzer, Sarowitz, Zeris, Ledva & Meyers, LLP
Centre Square, West Tower
1500 Market Street, Suite 4100
Philadelphia, PA 19102

BARNABA & MARCONI, LLP

BY: _____
DENNIS M. MARCONI, ESQUIRE
**Attorneys for Defendant, Deggeller Attractions, Inc.**

Dated: August 11, 2020