## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT SPEICHER and COLLEEN STEFFAN<br><br>vs.<br><br>CHANCE RIDES MANUFACTURING, INC. and DEGGELLER ATTRACTIONS, INC. and RICHARD WARBLE | CIVIL ACTION<br><br>NO. 1:20-CV-00764-JPW |

### DEFENDANT, CHANCE RIDES MANUFACTURING, INC.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT WITH CROSSCLAIM AND AFFIRMATIVE DEFENSES

AND NOW, Defendant, Chances Rides Manufacturing, Inc. (hereafter "Answering Defendant", by and through its undersigned counsel, hereby answers the Amended Complaint and avers as follows:

### Jurisdiction and Venue

1. Denied. The allegations contained in the corresponding paragraph are mere conclusions of law to which no responsive pleading is required and, accordingly, they are deemed denied. Strict proof is demanded at the time of trial, if deemed material.

2. Denied. The allegations contained in the corresponding paragraph are mere conclusions of law to which no responsive pleading is required and, accordingly, they are deemed denied. Strict proof is demanded at the time of trial, if deemed material.

### Parties

3. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

4.     Denied.   After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

5.     Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

6.     Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

7.     Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

8.     Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

9.     Admitted.

10.    Denied. This averment is denied as a conclusion of law to which no responsive pleading is required.  Insofar as the alleged agents, servants, workers, and/or assigns of Answering Defendant are not specifically named, said individuals and/or entities must be deemed to have been independent contractors working on their own behalf at all times relevant herein. Strict proof is demanded at the time of trial, if deemed material.

11.     Admitted.

12.     Denied. This averment is denied as a conclusion of law to which no responsive pleading is required.  Insofar as the alleged agents, servants, workers, and/or assigns of Answering Defendant are not specifically named, said individuals and/or entities must be deemed to have been independent contractors working on their own behalf at all times relevant herein. Strict proof is demanded at the time of trial, if deemed material.

13.     Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

14.     Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

15.     Denied.  The allegations contained in the corresponding paragraph of Plaintiffs' Amended Complaint attempt to characterize the contents of a writing and, therefore, are denied as the contents of said writing speak for themselves.  To the extent that the allegations of this paragraph deviate from the contents of the writing, they are specifically denied.  The allegations contained in the corresponding paragraph are mere conclusions of law to which no responsive pleading is required and accordingly, they are deemed denied.  Any allegations with respect to negligence or other wrongdoing on the part of Answering Defendant are denied.  Strict proof is demanded at the time of trial, if deemed if material.

**Background Facts**

16.     Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

17.     Denied.   After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

18.     Denied.   After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

19.     Admitted on information and belief.

20.     Admitted on information and belief.

21.     Denied.   After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

22.     Denied as stated.  It is admitted, upon information and belief, only that the subject Wheel was sold by one of Answering Defendant's predecessors and/or one of said predecessors' subsidiaries.

23.     Denied as stated.  It is admitted, upon information and belief, only that the any such instructions and/or guides would have been provided by one of Answering Defendant's predecessors and/or one of said predecessors' subsidiaries.

24.     Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

25.     Admitted.

26.     Admitted.

27.     Admitted.

28.     Admitted.

29.     Denied.    After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

30.     Denied.    After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

31.     Denied.    After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

32.     Denied.    After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

33.     Denied.     After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

34.     Denied.     After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

35.     Denied.     After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

36.     Denied.     After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

37.     Denied.     After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

38.     Denied.     After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the

averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

39.     Denied.    After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

40.     Denied.    After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

41 (a)-(d).      Denied. Moreover, any allegations of negligence or other wrongdoing on the part of Answering Defendant, in particular any allegations that the subject Wheel and/or any of its component parts were defectively designed and/or manufactured are specifically denied and strict proof is demanded at the time of trial, if deemed material.

42.     Denied.    After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

43.     Denied.    After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

44.    Denied.    After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

45.    Denied.    After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.

46.    Denied.    The allegations contained in the corresponding paragraph of Plaintiffs' Amended Complaint are mere conclusions of law to which no responsive pleading is required and, accordingly, they are deemed denied.    Any allegations with respect to negligence or other wrongdoing on the part of Answering Defendant are denied.    Strict proof is demanded at the time of trial, if deemed material.

47.    Admitted upon information and belief.

48.    Denied.    After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial, if deemed material.    Moreover, any allegations with respect to negligence or other wrongdoing on the part of Answering Defendant are denied.    Strict proof is demanded at the time of trial, if deemed material.

49.    Denied.    After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict

proof at trial, if deemed material.  Moreover, any allegations with respect to negligence or other wrongdoing on the part of Answering Defendant are denied.  Strict proof is demanded at the time of trial, if deemed material.

50.     Denied.  The allegations contained in the corresponding paragraph attempt to characterize the contents of a writing and, therefore, are denied as the contents of said writing speak for themselves.  To the extent that the allegations of this paragraph deviate from the contents of the writing, they are specifically denied.  The allegations contained in the corresponding paragraph are mere conclusions of law to which no responsive pleading is required and accordingly, they are deemed denied.  Any allegations with respect to negligence or other wrongdoing on the part of Answering Defendant are denied.  Strict proof is demanded at the time of trial, if deemed if material.

51.     Denied.  The allegations contained in the corresponding paragraph attempt to characterize the contents of a writing and, therefore, are denied as the contents of said writing speak for themselves.  To the extent that the allegations of this paragraph deviate from the contents of the writing, they are specifically denied.  The allegations contained in the corresponding paragraph are mere conclusions of law to which no responsive pleading is required and accordingly, they are deemed denied.  Any allegations with respect to negligence or other wrongdoing on the part of Answering Defendant are denied.  Strict proof is demanded at the time of trial, if deemed if material.

52.     Denied.  The allegations contained in the corresponding paragraph attempt to characterize the contents of a writing and, therefore, are denied as the contents of said writing speak for themselves.  To the extent that the allegations of this paragraph deviate from the contents of the writing, they are specifically denied.  The allegations contained

in the corresponding paragraph are mere conclusions of law to which no responsive pleading is required and accordingly, they are deemed denied.  Any allegations with respect to negligence or other wrongdoing on the part of Answering Defendant are denied.  Strict proof is demanded at the time of trial, if deemed if material.

53.     Denied. The allegations contained in the corresponding paragraph of Plaintiffs' Amended Complaint are mere conclusions of law to which no responsive pleading is required and, accordingly, they are deemed denied.  Any allegations of negligence or other wrongdoing on the part of Answering Defendant, in particular any allegations that the subject Wheel and/or any of its component parts were defectively designed and/or manufactured are specifically denied and strict proof is demanded at the time of trial, if deemed material.

54.     Denied. The allegations contained in the corresponding paragraph of Plaintiffs' Amended Complaint are mere conclusions of law to which no responsive pleading is required and, accordingly, they are deemed denied.  Any allegations of negligence or other wrongdoing on the part of Answering Defendant, in particular any allegations that the subject Wheel and/or any of its component parts were defectively designed and/or manufactured are specifically denied and strict proof is demanded at the time of trial, if deemed material.

55.     Denied. The allegations contained in the corresponding paragraph of Plaintiffs' Amended Complaint are mere conclusions of law to which no responsive pleading is required and, accordingly, they are deemed denied.  Any allegations of negligence or other wrongdoing on the part of Answering Defendant, in particular any allegations that the subject Wheel and/or any of its component parts were defectively

designed and/or manufactured are specifically denied and strict proof is demanded at the time of trial, if deemed material.

56.     Denied. The allegations contained in the corresponding paragraph of Plaintiffs' Amended Complaint are mere conclusions of law to which no responsive pleading is required and, accordingly, they are deemed denied.  Any allegations of negligence or other wrongdoing on the part of Answering Defendant, in particular any allegations that the subject Wheel and/or any of its component parts were defectively designed and/or manufactured are specifically denied and strict proof is demanded at the time of trial, if deemed material.

57.     Denied. It is specifically denied that Answering Defendant was, in any way, negligent, careless, and/or reckless. To the contrary, at all times relevant herein, Answering Defendant acted in accordance with the applicable standard of care. Moreover, the allegations contained in the corresponding paragraph of Plaintiffs' Amended Complaint are mere conclusions of law to which no responsive pleading is required and, accordingly, they are deemed denied.  Any allegations of negligence or other wrongdoing on the part of Answering Defendant, in particular any allegations that the subject Wheel and/or any of its component parts were defectively designed and/or manufactured are specifically denied and strict proof is demanded at the time of trial, if deemed material.

58.     Denied. It is specifically denied that Answering Defendant was, in any way, negligent, careless, and/or reckless. To the contrary, at all times relevant herein, Answering Defendant acted in accordance with the applicable standard of care. Moreover, the allegations contained in the corresponding paragraph of Plaintiffs'

Amended Complaint are mere conclusions of law to which no responsive pleading is required and, accordingly, they are deemed denied. Any allegations of negligence or other wrongdoing on the part of Answering Defendant, in particular any allegations that the subject Wheel and/or any of its component parts were defectively designed and/or manufactured are specifically denied and strict proof is demanded at the time of trial, if deemed material.

59.     Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

**Plaintiffs' Injuries**

60.     Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

61 – 72.        Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof at trial.

**Count I – Scott Speicher V. Deggeller**
**(Negligence)**

73.     Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

74 (a)-(t).     Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

75.     Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

76.     Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

<u>Count II – Scott Speicher v. Chance</u>
**(Negligence)**

77.     Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

78 (a)-(p).     Denied. It is specifically denied that Answering Defendant was, in any way, negligent, careless and/or reckless. To the contrary, at all times relevant herein, Answering Defendant acted in accordance with the applicable standard of care. It is specifically denied that the Plaintiffs sustained any injuries and/or were injured as alleged.  Moreover, this averment is denied as a conclusion of law to which no responsive pleading is required. Strict proof is demanded at the time of trial, if deemed material.

79.     Denied. It is specifically denied that Answering Defendant was, in any way, negligent, careless and/or reckless. To the contrary, at all times relevant herein, Answering Defendant acted in accordance with the applicable standard of care. It is specifically denied that the Plaintiffs sustained any injuries and/or were injured as

alleged.  Moreover, this averment is denied as a conclusion of law to which no responsive pleading is required. Strict proof is demanded at the time of trial, if deemed material.

80.     Denied. It is specifically denied that Answering Defendant was, in any way, negligent, careless and/or reckless. It is specifically denied that Answering Defendant's conduct was outrageous, malicious, wanton, reckless, willful, and/or oppressive to the rights of the Plaintiffs. To the contrary, at all times relevant herein, Answering Defendant acted in accordance with the applicable standard of care. It is specifically denied that the Plaintiffs sustained any injuries and/or were injured as alleged.  Moreover, this averment is denied as a conclusion of law to which no responsive pleading is required. Strict proof is demanded at the time of trial, if deemed material.

81.     Denied. It is specifically denied that Answering Defendant was, in any way, negligent, careless and/or reckless.  To the contrary, at all times relevant herein, Answering Defendant acted in accordance with the applicable standard of care. It is specifically denied that the Plaintiffs sustained any injuries and/or were injured as alleged. It is specifically denied that a dangerous and/or defective condition existed as alleged.  It is specifically denied that Answering Defendant knew or had reason to know of any dangerous, hazardous, and/or defective condition as alleged.  Moreover, this averment is denied as a conclusion of law to which no responsive pleading is required. Strict proof is demanded at the time of trial, if deemed material.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

## Count III – Scott Speicher v. Warble
### (Negligence)

82.     Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

83 (a)-(n).     Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

84.     Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

85.     Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

## Count IV – Scot Speicher v. Deggeller
### (Vicarious Liability and/or Respondeat Superior)

86.     Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

87 - 91.     Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

### Count V – Scott Speicher V. Deggeller
**(Negligent Supervision)**

92. Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

93- 96. Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

### Count VI – Scott Speicher v. Deggeller
**(Negligent Hiring)**

97. Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

98-99. Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

**Count VII – Scott Speicher v. Deggeller**
**(Strict Liability – Restatement §402 A – Failure to Warn)**

100.     Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

101-120.     Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

**Count VIII – Scott Speicher v. Chance**
**(Strict Liability – Restatement §402 A – Failure to Warn)**

121.     Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

122.     Denied.  It is specifically denied that the subject Wheel was unreasonably dangerous, unfit, unsafe, and/or unsuitable for its intended or foreseeable.  It is specifically denied that the subject Wheel was defective in design, manufacture, distribution, sale, operation, and/or lacked the necessary and requisite warnings. Moreover, the allegations contained in the corresponding paragraph of Plaintiffs' Amended Complaint are mere conclusions of law to which no responsive pleading is required and, accordingly, they are deemed denied.  Any allegations with respect to negligence or other wrongdoing on the part of Answering Defendant are denied.  Strict proof is demanded at the time of trial.

123.     Admitted in part and denied in part.  It is admitted, upon information and belief, only that the subject Wheel was designed, manufactured, distributed, and/or sold by one of Answering Defendant's predecessors and/or one of said predecessors' subsidiaries.   that the subject Wheel and/or any of its component part was/were unreasonably dangerous, unfit, unsafe, and/or unsuitable for its intended or foreseeable. It is specifically denied that the subject Wheel and/or any of its component parts was/were defective in design, manufacture, distribution, sale, operation, and/or lacked the necessary and requisite warnings.  It is specifically denied that Answering Defendant knew or had reason to know of any dangerous and/or defective condition as alleged. At all times material hereto, Answering Defendant acted in accordance with the applicable standard of care. Answering Defendant specifically denies that it is strictly liable on the claims asserted herein. Moreover, the allegations contained in the corresponding paragraph of Plaintiffs' Amended Complaint are mere conclusions of law to which no responsive pleading is required and, accordingly, they are deemed denied.   Any allegations with respect to negligence or other wrongdoing on the part of Answering Defendant are denied.  Strict proof is demanded at the time of trial.

124-141.     Denied.  It is specifically denied that the subject Wheel and/or any of its component part was/were unreasonably dangerous, unfit, unsafe, and/or unsuitable for its intended or foreseeable.  It is specifically denied that the subject Wheel and/or any of its component parts was/were defective in design, manufacture, distribution, sale, operation, and/or lacked the necessary and requisite warnings.  It is specifically denied that Answering Defendant knew or had reason to know of any dangerous and/or defective condition as alleged. At all times material hereto, Answering Defendant acted in

accordance with the applicable standard of care. Answering Defendant specifically denies that it is strictly liable on the claims asserted herein. Moreover, the allegations contained in the corresponding paragraph of Plaintiffs' Amended Complaint are mere conclusions of law to which no responsive pleading is required and, accordingly, they are deemed denied.  Any allegations with respect to negligence or other wrongdoing on the part of Answering Defendant are denied.  Strict proof is demanded at the time of trial.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

### Count IX – Scott Speicher v. Deggeller
### (Strict Liability – Restatement §402 A – Design Defect)

142.    Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

143-146.       Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

### Count X – Scott Speicher v. Chance
### (Strict Liability – Restatement §402 A – Design Defect)

147.    Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

148-152.      Denied.  It is specifically denied that the subject Wheel and/or any of its component parts was/were improperly and/or defectively designed.   It is specifically denied that the subject Wheel and/or any of its component parts was/were defective and/or unreasonably dangerous for their intended use.  It is specifically denied that Answering Defendant knew or had reason to know of any dangerous and/or defective condition as alleged. At all times material hereto, Answering Defendant acted in accordance with the applicable standard of care. Answering Defendant specifically denies that it is strictly liable on the claims asserted herein. Moreover, the allegations contained in the corresponding paragraph of Plaintiffs' Amended Complaint are mere conclusions of law to which no responsive pleading is required and, accordingly, they are deemed denied.  Any allegations with respect to negligence or other wrongdoing on the part of Answering Defendant are denied.  Strict proof is demanded at the time of trial.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

### Count XI – Scott Speicher v. Deggeller
**(Breach of Warranties)**

153.    Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

154-158.      Denied. This averment is not directed to Answering Defendant. Insofar as this averment is deemed directed to Answering Defendant, said averment is denied and strict proof is demanded at the time of trial, if deemed material.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

### Count XII – Scott Speicher v. Chance
### (Breach of Warranties)

159.    Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

160-164.      Denied.  It is specifically denied that the subject Wheel and/or any of its component part was/were unreasonably dangerous, unfit, unsafe, and/or unsuitable for its intended or foreseeable.  It is specifically denied that the subject Wheel and/or any of its component parts was/were defective in design, manufacture, distribution, sale, operation, and/or lacked the necessary and requisite warnings.  It is specifically denied that answering Defendant breached any warranty, either express or implied.  Moreover, the allegations contained in the corresponding paragraph of Plaintiffs' Amended Complaint are mere conclusions of law to which no responsive pleading is required and, accordingly, they are deemed denied.  Any allegations with respect to negligence or other wrongdoing on the part of Answering Defendant are denied.  Strict proof is demanded at the time of trial.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

### Count XIII – Colleen Steffan v. Deggeller
**(Negligence)**

165.    Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

### Count XIV – Colleen Steffan v. Chance
**(Negligence)**

166.    Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

### Count XV – Colleen Steffan v. Warble
**(Negligence)**

167.    Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

### Count XVI – Colleen Steffan v. Deggeller
**(Vicarious Liability and/or Respondeat Superior)**

168.    Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

### Count XVII – Colleen Steffan V. Deggeller
**(Negligent Supervision)**

169.    Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

### Count XVIII – Colleen Steffan v. Deggeller)
**(Negligent Hiring)**

170.    Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

### Count XIX – Colleen Steffan v. Deggeller
**(Strict Liability – Restatement §402 A – Failure to Warn)**

171.    Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

**Count XX – Colleen Steffan v. Chance**
**(Strict Liability – Restatement §402 A – Failure to Warn)**

172.     Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

**Count XXI – Colleen Steffan v. Deggeller**
**(Strict Liability – Restatement §402 A – Design Defect)**

173.     Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

**Count XXII – Colleen Steffan v. Chance**
**(Strict Liability – Restatement §402 A – Design Defect)**

174.     Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

**Count XXIII – Colleen Steffan v. Deggeller**
**(Breach of Warranties)**

175.     Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

### Count XXIV – Colleen Steffan v. Chance
### (Breach of Warranties)

176.     Answering Defendant incorporates by reference its answer to all previous allegations in all previous paragraphs as though same were set forth herein at length.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to set forth a cause of action against Answering Defendant for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by his/her own comparative negligence.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by the Doctrine of Assumption of the Risk.

### FOURTH AFFIRMATIVE DEFENSE

All allegations pertaining to agency, supervision and/or control are specifically denied, unless admitted herein.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by Release, Estoppel, and/or Waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by the applicable Statute of Limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant specifically denies that its own act and/or omissions or those of its agents, servants, workmen or employees were not reckless, outrageous or unconscionable and therefore, any claim and/or prayer for punitive damages is baseless and without merit.

## EIGHTH AFFIRMATIVE DEFENSE

In the event that the accident occurred as alleged by Plaintiffs and Plaintiffs sustained resulting injuries / damages as alleged, which is specifically denied, then said accident and injuries / damages were not caused by any negligence, carelessness or recklessness on the part of Answering Defendant, but rather were caused by the actions and/or omissions of some third party/parties not under the control of Answering Defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## TENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Answering Defendant acted appropriately and did not breach any duties of due care owed to Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

It is believed and therefore averred that any injuries allegedly sustained by the Plaintiffs were pre-existing in nature and were not caused or exacerbated by the accident described in Plaintiffs' Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

This Honorable Court lacks subject matter jurisdiction over this matter, in that the amount in controversy is less than the amount specified by 28 U.S.C. section 1332.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join indispensable, necessary and/or proper parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

Collateral estoppel and/or *res judicata* apply to bar litigation of issues and/or claims previously adjudicated concerning to the cause of action set forth in Plaintiffs' Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring the within action.

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant preserve all available defenses pursuant to the Federal Rules of Civil Procedure.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any damages and/or injuries sustained by Plaintiffs were due to the intervening and/or superseding acts of others not under the control of Answering Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by the applicable Statute of Repose

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Doctrine of Accord and Satisfaction.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because of an express and/or implied contract and/or release.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The causes of action set forth in Plaintiff's Complaint are barred and/or limited by the Restatement (Second) of Torts §402A, as adopted by Pennsylvania law, which is incorporated by reference herein and made a part hereof.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The product in question was neither dangerous nor defective nor did the product cause the Plaintiff's injury.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The product in question was safe for its intended use and purpose.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The product in question was abused, misused and/or used in a manner other than for its intended use and purpose.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The product in question was altered and/or modified from its original condition.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The causes of action set forth in Plaintiffs' Complaint are barred and/or limited by the terms of any and all documents associated with the manufacture, installation, use, care, maintenance, and/or sale of the product, including but not limited to, any and all

sales receipts, contracts of sale, instructions, directions, manuals, diagrams, blueprints, warnings, disclaimers, advertisements, brochures, internet postings and any and all other such documents.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

At all times relevant and material hereto, Answering Defendant did not manufacture, produce, design, sell, distribute, supply and/or market the subject product and/or any of its component parts.

**TWENTY-EIGHT AFFIRMATIVE DEFENSE**

The product in question was improperly maintained, inspected, and/or erected, including the failure to use proper replacement parts.

**WHEREFORE,** Answering Defendant, Chance Rides Manufacturing, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against all other parties to this matter.

**CROSSCLAIM AGAINST DEFENDANTS
DEGGELLER ATTRACTIONS, INC. and RICHARD WARBLE**

Answering Defendant, Chance Rides, Inc., by and through its undersigned counsel, hereby asserts the following Crossclaim against Defendants, Deggeller Attractions, Inc., and Richard Warble, and, in support thereof, incorporates by reference its answer to all previous paragraphs contained herein, as well as all Affirmative Defendants asserted herein, and, in further support, avers the following:

1.     If Plaintiffs were injured as alleged, said allegations being specifically denied, then said injuries were caused by the carelessness, recklessness and/or negligence of Defendants, Deggeller Attractions, Inc., and Richard Warble, who is/are alone liable to Plaintiffs, jointly and/or severally liable with Answering Defendant, or liable over to

Answering Defendant by way of contribution and/or indemnity.  Any liability on the part

of Answering Defendant is specifically denied.

                                      **MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**

                                      BY: /s/ GEORGE W. VOKOLOS, ESQUIRE
                                            GEORGE W. VOKOLOS, ESQUIRE
                                            Attorney for Defendant,
                                            **CHANCE RIDES MANUFACTURING, INC.**
                                            Centre Square, West Tower
                                            1500 Market Street, Suite 4100
                                            Philadelphia, PA 19102
                                            (215) 735-7200
**Dated:**  August 28, 2020                **MSZL&M File No. 002950.000013**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SCOTT SPEICHER and COLLEEN STEFFAN<br><br>vs.<br><br>CHANCE RIDES MANUFACTURING, INC. and DEGGELLER ATTRACTIONS, INC. and RICHARD WARBLE | CIVIL ACTION<br><br>NO. 1:20-CV-00764-JPW |

## CERTIFICATE OF SERVICE

I, **GEORGE W. VOKOLOS, ESQUIRE**, hereby certify that I caused to be served a copy of *Defendant, Chance Rides Manufacturing, Inc.'s Answer to Plaintiffs' Amended Complaint with Affirmative Defenses* to all parties and/or their counsel of record in this proceeding in accordance with the requirements of the Rules of Civil Procedure via the Court's Electronic Filing System on **August 28, 2020**.  Service upon:

Kenneth Millman, Esquire
LEISAWITZ HELLER ABRAMOWITCH PHILLIPS, P.C.
2755 Century Boulevard
Wyomissing, PA 19610

Michael Corcoran, Esquire
BARNABA & MARCONI
315 Lowell Avenue
Trenton, NJ 08619

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**

BY: /s/ GEORGE W. VOKOLOS, ESQUIRE
    GEORGE W. VOKOLOS, ESQUIRE
    Attorney for Defendant,
    **CHANCE RIDES MANUFACTURING, INC.**
    Centre Square, West Tower
    1500 Market Street, Suite 4100
    Philadelphia, PA 19102
    (215) 735-7200

**Dated:** August 28, 2020     **MSZL&M File No. 002950.000013**